

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00066-CR

ZACHERY RENE LAMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B21040-1903, Honorable Kregg Hukill, Presiding

June 23, 2022

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Zachery Rene Lamas appeals his conviction for sexual assault of a child.[1] The appellate record was originally due March 28, 2022. The clerk's record was filed by this deadline, but the reporter's record was not. We subsequently granted the reporter, Brenda Rohrs, two extensions to file the reporter's record due to her caseload. By letter of May 16, 2022, we admonished Rohrs that failure to file the reporter's record by June 16 would result in the appeal being abated and the cause remanded to the trial

---

[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(2).

court for further proceedings without further notice. Rohrs has since requested a third extension to file the reporter's record due to her caseload.

We deny the request, abate the appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

1. what tasks remain to complete the filing of the reporter's record;

2. why Rohrs has not completed the necessary tasks;

3. what amount of time is reasonably necessary for the completion of those tasks; and

4. whether Rohrs can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that Rohrs will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by July 25, 2022.

It is so ordered.

Per Curiam

Do not publish.

2